**RECORD NO. 14-4004**

In The

# United States Court Of Appeals

## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## CHAD MCDONALD,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

————————

**BRIEF OF APPELLANT**

————————

**Michael D. Payne**
**REDMAN & PAYNE, PLLC**
**112 Roane Street**
**Charleston, WV  25302**
**(304) 342-6800**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

**TABLE OF CONTENTS**

**PAGE:**

TABLE OF AUTHORITIES .................................................................. ii

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF ISSUES ..................................................................2

STATEMENT OF THE CASE.............................................................3

SUMMARY OF ARGUMENT .............................................................5

      I.    THE DISTRICT COURT ERRED IN DETERMINING THAT
           IT SHOULD NOT AGGREGATE SENTENCES OF
           IMPRISONMENT FOR VIOLATIONS OF SUPERVISED
           RELEASE UNDER 18 U.S.C.A. § 3583(e)(3).....................................5

ARGUMENT ......................................................................................6

      STANDARD OF REVIEW ............................................................6

      DISCUSSION ................................................................................6

CONCLUSION .................................................................................10

STATEMENT REGARDING ORAL ARGUMENT ...........................10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASE:**

*United States v. Barton*,
    26 F.3d 490 (4th Cir. 1994) ...........................................................................6

**STATUTES:**

18 U.S.C. § 922(j) ..........................................................................................3

18 U.S.C. § 924(a)(2)......................................................................................3

18 U.S.C. § 3231 .............................................................................................1

18 U.S.C. § 3583.....................................................................................*passim*

18 U.S.C. § 3742.............................................................................................1

28 U.S.C. § 1291 ............................................................................................1

**LEGISLATIVE HISTORY:**

2003 U.S.C.C.A.N. 683 ...................................................................................8

H.R. Rep. No. 108-66 (2003)..........................................................................8

## JURISDICTIONAL STATEMENT

The Southern District of West Virginia has jurisdiction over this case, as the offenses occurred within the Southern District of West Virginia, pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction over the appeal in this cause pursuant to Title 28, United States Code, § 1291, which provides for an appeal of a final order of a district court, and 18 U.S.C. § 3742, which provides for an appeal of a criminal sentence.  This appeal was filed timely filed within fourteen days of entry of judgment and sentencing on December 17, 2013.  (Volume I of Joint Appendix, Page 77).

## STATEMENT OF ISSUES

**I.    WHETHER THE 2003 PROSECUTORIAL REMEDIES AND OTHER TOOLS TO END THE EXPLOITATION OF CHILDREN TODAY ACT (THE "PROTECT ACT") ELIMINATES THE AGGREGATIONOF SENTENCES WHEN DETERMINING THE LENGTH OF A SENTENCE OF IMPRISONMENT IN A SUBSEQUENT REVOCATION OF SUPERVISED RELEASE.**

## STATEMENT OF THE CASE

On December 6, 2010, the defendant plead guilty in Charleston, West Virginia, to Count Three of a five count indictment (Volume I of Joint Appendix, Page 11) charging this Chad McDonald ("McDonald") with violations of 18 U.S.C. §§ 922(j) and 924(a)(2), "disposing of a stolen firearm". "Disposing of Stolen Firearm" is a Class C Felony.

On September 22, 2010, Mr. McDonald was arrested pursuant to a complaint filed in the Southern District of West Virginia. On August 10, 2010 a federal grand jury convened in Charleston, West Virginia and returned a five count indictment (Volume I of Joint Appendix, Page 11) charging Mr. McDonald with stealing firearms from a licensed firearm dealer, disposing of a stolen firearm (X2), disposing of stolen firearm to a felon, and distribution of oxycodone.

McDonald was sentenced to 12 months imprisonment followed by a three year term of supervised release. (Volume I of Joint Appendix, Page 16).

On July 2, 2013, McDonald's supervised release was revoked and he was sentenced to four months imprisonment followed by an additional 32 months supervised release. (Volume I of Joint Appendix, Page 22).

On October 7, 2013 and October 17, 2013 the United States Probation Departments filed petitions charging a total of three violations of his supervised release. (Volume I of Joint Appendix, Pages 27 and 29).

3

On December 10, 2013 a final hearing was held in which the District Court determined that McDonald had violated conditions of his supervised release. The District Court resentenced McDonald to twenty four (24) months of imprisonment. (Volume I of Joint Appendix, Page 73). The District Court did not aggregate the sentence of his term of imprisonment for his previous violation of supervised release when determining his sentence. (Volume I of Joint Appendix, Page 47).

At issue for purposes of this appeal is whether the District Court was correct in finding that the Exploitation of Children Today Act (the "PROTECT Act") eliminates the aggregation of sentences of imprisonment when determining the sentence for new revocations.

## SUMMARY OF ARGUMENT

**I.    THE DISTRICT COURT ERRED IN DETERMINING THAT IT SHOULD NOT AGGREGATE SENTENCES OF IMPRISONMENT FOR VIOLATIONS OF SUPERVISED RELEASE UNDER 18 U.S.C.A. § 3583(e)(3).**

The District Court erred when it determined that McDonald's previous four (4) month sentence of imprisonment for violating his supervised release should not have been subtracted from his twenty four (24) sentence of imprisonment which he received on December 10, 2013 for a subsequent violation of supervised release.

**ARGUMENT**

<u>STANDARD OF REVIEW</u>

The standard of review in this case is de novo, as this Honorable Court will be interpreting a statute. Questions of law will be reviewed de novo. *See, e.g., United States v. Barton*, 26 F.3d 490 (4th Cir. 1994) (jurisdiction of district court).

<u>DISCUSSION</u>

In support of his argument, Defendant states as follows:

18 U.S.C.A. § 3583(e)(3) states:

" revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case;"

18 U.S.C.A. § 3583(h)

**Supervised release following revocation.**--When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall

6

not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In the case at bar, the United States, and the Distric Honorable Court, through its October 25, 2013 Order take the position that the amendments that result from the 2003 Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act (the "PROTECT Act") eliminate the aggregation of sentences from prior revocations when determining the sentence for new revocations, however aggregation still would occur when determining the sentence for a future supervised release.

However, the elephant in the room, so to speak, is the very purpose of the PROTECT ACT, which was to protect the public from sex offenders. Specifically, why were the words "on any such revocation" added? It seems to be the position of the United States Government that those four words were added to mean "every revocation". However, a review of the PROTECT shows that the more likely interpretation of this language is that "any such revocation" was added to mean that imprisonment may occur for any revocation, no matter how slight the violation. In other words, the added language doesn't mean that every time a revocation occurs that aggregation of previous sentences doesn't occur, it just means that no matter how slight the violation, imprisonment can occur.

7

Due to this ambiguity, the Legislative History must be reviewed. The answer is in the Legislative History of the PROTECT ACT. The legislative history shows that Congress's sole purpose for the PROTECT ACT was to provide for lifetime supervised release for sex offenders. For example, the amendment that added "on any such revocation" was titled "Supervised Release Term for Sex Offenders." H.R. Rep. No. 108-66 (2003), H.R. CONF. REP. 108-66, 1, 2003 U.S.C.C.A.N. 683).

The Conference Committee report explained: "This section responds to the long-standing concerns of Federal judges and prosecutors regarding the inadequacy of the existing supervision periods for sex offenders, particularly for the perpetrators of child sexual abuse crimes, whose criminal conduct may reflect deep-seated aberrant sexual disorders that are not likely to disappear within a few years of release from prison. The current length of the authorized supervision periods is not consistent with the need presented by many of these offenders for long-term – and in some cases, life-long –monitoring and oversight." H.R. Rep. No. 108-66 (2003). The legislative history does not specifically explain why the words "on any such revocation" were added, nor does it make any reference to the aggregation rule.

Another interesting point of the amendment to 18 U.S.C.A. § 3583(e)(3), is that while "on any such revocation" was added, there was no language added to the

8

beginning of the statute denying aggregation of previous sentences, even though there was already language present denying credit for time served on supervised release.  If the true purpose of adding ambiguous language such as "on any such revocation" was to abolish aggregation, then logically such language would be added in this portion of the statute.

As statutes are to be read in *pari materi,* further clarification of the PROTECT Act's effect on aggregation is to be found in 18 U.S.C.A. § 3583(h). 18 U.S.C.A. § 3583(e)(3) states "and require the defendant to serve in prison all or part of the ***term of supervised release authorized by statute***" (emphasis added). Under § 3583(h), the 3583(h), "term of supervised release authorized by statute" is the originally authorized term of supervised release "less any term of imprisonment that was imposed upon revocation of supervised release."

If a defendant has already served prison time for an earlier violation, that time must be subtracted from the originally authorized term to identify what becomes "the term of supervised release authorized by statute."  Thus subsections (b)(e)(3) and (h), (e)(3), and (h) of § 3583 interact to define a diminishing "term of supervised release authorized by statute." The more post-revocation imprisonment a defendant serves, the shorter the authorized term of supervised release becomes. In this way, the statute continues to provide for an aggregate limit on post-revocation imprisonment.

9

Therefore, for the foregoing reasons, it is apparent that the PROTECT Act amendments to 18 U.S.C. §§ 3583(e)(3) and 3583(h) do not serve to abolish the aggregate rule when calculating a sentence of imprisonment or further supervised release.

## CONCLUSION

Appellant Chad McDonald respectfully requests that this Honorable Court remand this case for re-sentencing in accordance with a finding that McDonald's sentences for violations of supervised release shall be aggregated.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Chad McDonald requests oral argument.

Chad McDonald

By Counsel,

/s/ Michael D. Payne
Michael D. Payne (WVSB 8839)
Redman and Payne, Attorneys at Law
112 Roane Street
Charleston, WV 25302
T:  (304) 342-6800
F:  (304) 342-6876

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

        this brief contains <u>1,601</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

        this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

                     /s/ Michael D. Payne
                     Michael D. Payne

Dated: April 1, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on April 1, 2014, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

> Candace H. Bunn
> OFFICE OF THE
>   UNITED STATES ATTORNEY
> Southern District of West Virginia
> 300 Virginia Street, East
> P. O. Box 1713
> Charleston, WV  25326
> (304) 345-2200
>
> *Counsel for Appellee*

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219
